AO 245B (Rev. 9/00) - Judgment in a Criminal Case

# Date of Original Judgment: August 9, 2001
(Or Date of Last Amended Judgment)

**Reason for Amendment:**

[X] Correction of Sentence on Remand (Fed.R.Crim.P.35(a))
[ ] Reduction of Sentence for Changed Circumstances (Fed. R.Crim.P.35(b))
[ ] Correction of Sentence by Sentencing Court (Fed.R.Crim.P.35(c))
[ ] Correction of Sentence for Clerical Mistake (Fed.R.Crim.P.36)

[ ] Modification of Supervision Conditions (18 U.S.C § 3563(c) or 3583(e))
[ ] Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. §3582(c)(1))
[ ] Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
[ ] Direct Motion to District Court Pursuant to [ ] 28 U.S.C. § 2255, [ ] 18 U.S.C. § 3559(c)(7), or [ ] Modification of Restitution Order

# United States District Court
## Northern District of California

**UNITED STATES OF AMERICA**
**v.**
**MADY CHAN**

**AMENDED JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number:     CR 96-0094-13 MHP

Mark J Werksman, retained
Defendant's Attorney

**THE DEFENDANT:**

[ ]   pleaded guilty to count(s): ___.
[ ]   pleaded nolo contendere to count(s) ___ which was accepted by the court.
[x]   was found guilty on count(s) 1, 2, 4, 5, 6, 7, 10, 11, 12, 13, 14, and 15 of the Indictment after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| See next page. | | | |

    The defendant is sentenced as provided in pages 2 through 10 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.  This court's bench order, made at the time of sentencing, are hereby deemed incorporated.

[x]   The defendant has been found not guilty on count(s)   8 and 9 , and #3 of racketeering act of the Indictment .

    IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

| | |
|---|---|
| Defendant's Soc. Sec. No.:     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 | June 12, 2009 |
| | Date of Imposition of Amended Judgment |
| Defendant's Date of Birth:     10/19/65 | |
| | *(signature)* |
| Defendant's USM No.:     10587-112 | Signature of Judicial Officer |
| Defendant's Residence Address: | Honorable Marilyn Hall Patel, Chief U. S. District Judge |
| In Federal Custody | Name & Title of Judicial Officer |
| Defendant's Mailing Address: | February 18, 2011 |
| In Federal Custody | Date |

AO 245B (Rev. 9/00) - Judgment in a Criminal Case

DEFENDANT:        MADY CHAN                                              Judgment - Page 2  of  10
CASE NUMBER:    CR 96-0094-13 MHP

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC § 1962(c) | Racketeer Influenced and Corrupt Orgainzation | | 1 |
| 18 USC § 1962(d) | Racketeer Influenced and Corrupt Organization | | 2 |
| 18 USC § 1951(a) | Conspiracy to Commit a Robbery Affecting Interstate Commerce | | 4,7,10,13 |
| 18 USC § 1951(a) | Robbery Affecting Interstate Commerce | | 5,11,14 |
| 18 USC § 924(c) | Use of a Firearm to Commit a Violent Felony | | 12, 15 |

AO 245B (Rev. 9/00) - Imprisonment

| | | |
|---|---|---|
| DEFENDANT: | MADY CHAN | Judgment - Page 3 of 10 |
| CASE NUMBER: | CR 96-0094-13 MHP | |

# IMPRISONMENT

**The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned as follows:**

| | |
|---|---|
| **Count 1:** | **DISMISSED;** |
| **Count 2:** | **100 months;** |
| **Counts 4, 5, 7, 10, 11, 13, and 14:** | **60 months as to each count, to be served concurrently to the sentence imposed on count 2, and concurrently to each other;** |
| **Count 6:** | **5 years, to be served consecutively to the sentence imposed on count 2;** |
| **Count 12:** | **20 years, to be served consecutively to the sentence imposed on counts 2 and 6;** |
| **Count 15:** | **20 years, to be served consecutively to the sentence imposed on counts 2, 6, and 12;** |

for a total term of **640 months**.

[**x**]   The defendant is remanded to the custody of the United States Marshal.

# RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

AO 245B (Rev. 9/00) Sheet 3 - Supervised Release

| | | |
|---|---|---|
| DEFENDANT: | MADY CHAN | Judgment - Page 4 of 10 |
| CASE NUMBER: | CR 96-0094-13 MHP | |

## SUPERVISED RELEASE

      Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years as to each of counts 1, 2, 4, 5, 7, 10, 11, 13, and 14, to be served concurrently.

While on Supervised Release, the defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance. Revocation of supervised release is mandatory for possession of a controlled substance.
      The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

[ ]      The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[ ]      The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

Revocation of supervised release in mandatory for refusal to comply with drug testing imposed as a condition of supervision. 18 U.S.C. Sections 3565(b)(3) and 3583 (g)(3)
      The defendant shall pay the assessment imposed in accordance with 18 U.S.C. Section 3013, and shall immediately notify the probation officer of any change in his economic circumstances that might affect his ability to pay a special assessment, fine, restitution, or co-payments ordered by the Court.
      If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervision that defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant shall cooperate with the probation officer in meeting any financial obligations

AO 245B (Rev. 9/00) -Criminal Monetary Penalties

| DEFENDANT: | MADY CHAN | Judgment - Page 8 of 10 |
| CASE NUMBER: | CR 96-0094-13 MHP | |

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments directly following the Monetary Penalties section.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| **Totals:** | $ 550.00 | $ 0 | $ 2,687,000.00 |

[ ]  The determination of restitution is deferred until  _. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[**x**]  The defendant shall make restitution (including community restitution) to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| as directed by the US Probation Officer, who shall provide a list of payees and amounts owed, and the above-ordered restitution is deemed a judgment of restitution pursuant to 18 USC § 3664, and is enforceable thereunder. | | | |

[ ]  If applicable, restitution amount ordered pursuant to plea agreement $ _

[ ]  The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[ ]  The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

   [ ]  the interest requirement is waived for the     [ ] fine and/or    [ ] restitution.

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 9/00) -Criminal Monetary Penalties

| | |
|---|---|
| DEFENDANT: MADY CHAN | Judgment - Page 8 of 10 |
| CASE NUMBER: CR 96-0094-13 MHP | |

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  [**x**]  Lump sum payment of $2,687,550.00 due immediately, balance due

   [ ]  not later than ____, or

   [**x**]  in accordance with ( ) C, ( ) D, or (**x**) E below; or

B  [ ]  Payment to begin immediately (may be combined with ( ) C, ( ) D, or ( ) E below); or

C  [ ]  Payment in ____ (e.g. equal, weekly, monthly, quarterly) installments of $ _ over a period of __ (e.g., months or year(s)), to commence _ (e.g., 30 or 60 days) after the date of this judgment; or

D  [ ]  Payment in ____ (e.g. equal, weekly, monthly, quarterly) installments of $ _ over a period of __ (e.g., months or year(s)), to commence _ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  [**x**]  Special instructions regarding the payment of criminal monetary penalties:
   from the Inmate Financial Responsibility Fund, and as directed by the US Probation Officer.

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

   [**x**]  Joint and Several

| Case Number (including Defendant Number) | Defendant Name | Joint and Several Amount |
|---|---|---|
| CR 96-0094 MHP | John That Luong, Hoang Ai Le, Huy Chi Luong | $2,687,000.00 |

   The above-ordered restitution shall be ordered as a judgment against defendant and in favor of each payee, the list of which will be added as an addendum of this order by the court.

---

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, (8) costs, including cost of prosecution and court costs.

AO 245B (Rev. 9/00) - Statement of Reasons

| | | |
|---|---|---|
| DEFENDANT: | MADY CHAN | Judgment - Page 9  of  10 |
| CASE NUMBER: | CR 96-0094-13 MHP | |

## STATEMENT OF REASONS

[ ]  The court adopts the factual findings and guideline application in the presentence report.

## OR

[**x**]  The court adopts the factual findings and guideline application in the presentence  report except (see attachment, if necessary):
> For the reasons expressed ,and as amended by this court's bench order, made at the time of sentencing, and at earlier sentencing hearings conducted by this court.  All remaining objections are denied..

**Guideline Range Determined by the Court:**

> Total Offense Level: 41
>
> Criminal History Category: I
>
> Imprisonment Range: 324 months  to 405  months
>
> Supervised Release Range: 2  to 3 years  years
>
> Fine Range:$ $25,000.00  to $ $250,000.00
>
> [**x**]  Fine waived or below the guideline range because of inability to pay.
>
> Total Amount of Restitution: $ $2,687,000.00
>
>> [ ]  Discretionary restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(a)(B)(ii) (or in offenses committed before April 23, 1996, pursuant to 18 U.S.C. § 3663(d)).
>>
>> [ ]  Restitution pursuant to the mandatory victim restitution provisions is not ordered in this title 18 property offense because the number of identifiable victims is so large as to make restitution impracticable, pursuant to 18 U.S.C. § 3663A(c)(3)(A) .
>>
>> [ ]  Restitution pursuant to the mandatory victim restitution provisions is not ordered in this title 18 property offense because determining complex issues of fact and related to the cause of amount of the victims losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process, pursuant to 18 U.S.C. § 3663A(c)(3)(B) .
>>
>> [ ]  For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, (8) costs, including cost of prosecution and court costs.

AO 245B (Rev. 9/00) - Statement of Reasons

| | | |
|---|---|---|
| DEFENDANT: | MADY CHAN | Judgment - Page 9 of 10 |
| CASE NUMBER: | CR 96-0094-13 MHP | |

amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

[ ]  Partial restitution is ordered, pursuant to 18 U.S.C. § 3553(c), for the following reason(s):

[ ]  The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

## OR

[X]  The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s): as stated in this court's bench order and incorporated herein. The court sentences defendant to the middle of the guideline range, and imposed 3 consecutive sentences for the 18 USC § 924(c) violations.

## OR

[ ]  The sentence departs from the guideline range:

    [ ]  upon motion of the government, as a result of the defendant's substantial assistance, or

    [ ]  for the following specific reason(s):

[ ]  The defendant shall forfeit the defendant's interest in the following property to the United States:

AO 245B (Rev. 9/00) - Statement of Reasons

| | | |
|---|---|---|
| DEFENDANT: | MADY CHAN | Judgment - Page 9  of  10 |
| CASE NUMBER: | CR 96-0094-13 MHP | |

# STANDARD CONDITIONS OF SUPERVISION

It is the order of the Court that the defendant shall comply with the following standard conditions:

1) The defendant shall not leave the judicial district or other specified geographical area without permission of the Court or the probation officer;
2) The defendant shall report to the probation officer as directed by the Court or the probation officer, and shall submit a truthful and complete written report within the first five days of each month;
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) The defendant shall support the defendant dependent's and meet other family responsibilities, including but not limited to, compliance with the terms of any court order or administrative process pursuant to the laws of a state, the District of Columbia, or any other possession or territory of the United States, requiring payments by the defendant for the support and maintenance of any child or of a child and the parent with whom the child is living;
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) The defendant shall notify the probation officer at least ten (10) days prior to any change in residence or employment;
7) The defendant shall consume no alcohol if sentenced to the special condition that the defendant are to participate in a drug/alcohol program;
8) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;
9) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
10) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11) The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view by the probation officer;
12) The defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer;
13) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court;
14) The defendant shall notify third parties of risks related to the defendant criminal record, personal history, or characteristics, and shall permit the probation officer to make such notifications and/or confirm the defendant compliance with this notification requirement

AO 245B (Rev. 9/00) - Statement of Reasons

| | | |
|---|---|---|
| DEFENDANT: | MADY CHAN | Judgment - Page 9 of 10 |
| CASE NUMBER: | CR 96-0094-13 MHP | |

## SPECIAL CONDITIONS OF SUPERVISION

1) The defendant shall not have contact with any co-defendant, in this case namely, as listed in CR 96-0094 MHP, and all other related cases.

2) Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 4 years.. Within 72 hours of release from custody, the defendant shall report in person to the probation office in the district in which the defendant is released, unless he has been deported. While on supervised release, the defendant shall not commit another federal state, or local crime, shall comply with the standard conditions that have been adopted by the court, and shall comply with the following special condition(s):

> The defendant shall comply with the rules and regulations of the Immigration and Naturalization Service and, if deported, not reenter the United States without the express consent of the United States Attorney General. Upon reentry into the United States, whether legally or illegally, during the period of court ordered supervision, the defendant shall report to the nearest U.S. Probation Office within 72 hours.

3) The defendant shall provide the probation officer access to any requested financial information.

4) The defendant shall not associate with any criminal gang or organized criminal group, or with members of any gang.

5) The defendant shall submit his/her person, residence, office, vehicle, or any property under his/her control to a search. Such a search shall be conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to such a search may be grounds for revocation. The defendant shall warn any residents that the premises may be subject to searches.

6) The defendant shall pay any fine, special assessment, and/or restitution ordered, and that remains unpaid at the commencement of supervised release, as directed by the US Probation Officer.