UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

MADY CHAN,

Defendant.

Case No. 96-cr-00094-JSW-13

**ORDER DENYING MOTION TO TERMINATE ENFORCEMENT OF RESTITUTION**

Re: Dkt. No. 2475

This matter comes before the Court upon consideration of Defendant Mady Chan's ("Chan") motion to terminate enforcement of his restitution obligation. The Court has considered the parties' papers, including the supplemental briefing on jurisdiction, relevant authority, and the record in this case. The Court HEREBY DENIES Chan's motion.

## BACKGROUND

On April 9, 1996, the grand jury returned an indictment, in which Chan was charged with one count of conspiracy to commit robbery affecting interstate commerce in violation of the Hobbs Act ("Hobbs Act conspiracy"). (Dkt. No. 1, Indictment.) On March 24, 1998, the grand jury returned a 21 count Superseding Indictment, in which Chan was charged with a violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO") (Count 1), RICO conspiracy (Count 2), four counts of Hobbs Act conspiracy (Counts 4, 7, 10 and 13), four counts of robbery in violation of the Hobbs Act (Counts 5, 8, 11 and 14), four counts of violating 18 U.S.C. section 924(c) (Counts 6, 9, 12 and 15), and one count of conspiracy to distribute heroin ("Count 16"). (Dkt. No. 471, Superseding Indictment.)

The jury convicted Chan on the substantive RICO charge, the RICO conspiracy, the Hobbs Act conspiracies, three Hobbs Act robberies (Counts 5, 11, and 14), and three violations of Section

924(c) (Counts 6, 12 and 15).  Judge Patel, who was assigned to the case at that time, sentenced Chan to a term of imprisonment of 904 months and ordered Chan to pay $2,687,000.00 in restitution.

On direct appeal, the United States Court of Appeals for the Ninth Circuit reversed Chan's conviction on the substantive RICO charge, affirmed on each of the other counts, and remanded for re-sentencing because Chan had been sentenced under a mandatory guidelines scheme.  *United States v. Luong*, 215 Fed. Appx. 639, 646-47 (9th Cir. 2006).  On remand, Judge Patel sentenced Chan to a term of imprisonment of 604 months and again ordered Chan to pay $2,687,000.00 in restitution.  Chan appealed that decision, and the Ninth Circuit affirmed.  *United States v. Luong*, 627 F.3d 1306 (9th Cir. 2010).

On May 11, 2020, the undersigned granted a motion to modify Chan's sentence pursuant to 18 U.S.C. section 3582(c), and it resentenced Chan on July 7, 2020.  Although the Court modified the term of imprisonment, it did not disturb the judgment of restitution.  Chan was released from custody in 2020 and successfully completed his term of supervised release.  (Mot., Ex. 5, Declaration of Mady Chan ¶ 4; Mot., Ex. 6 (Letter from U.S. Probation).)  Chan attests that because of his immigration status he lost his ability to work in 2025.  As a result, he fell behind on making restitution payments.  (*Id.* ¶¶ 4-5.)  In November 2025, Chan received an "[o]verdue debtor statement" from the Government.  (Mot., Ex. 7.)  Chan has not received any other statements from the Government, and there is no evidence it has made any other efforts to collect the balance due.

**ANALYSIS**

**A.**   **The Court Concludes It Has Jurisdiction to Consider the Motion.**

Because Chan did not address the Court's jurisdiction to consider the motion, the Court ordered supplemental briefing on that issue.  (Dkt. No. 2482.)  Chan contends the Court has ancillary jurisdiction over the motion, which permits the Court "to manage its proceedings, vindicate its authority, and effectuate its decrees."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 380 (1994); *cf. id.* at 381 (stating courts have power to enforce judgments); *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009) (stating courts have jurisdiction to

2

interpret orders).[1]

Chan does not move to vacate the restitution order or to modify the amount due. Rather, he asks the Court to find as a matter of law that his liability to pay restitution has ended. A ruling on this issue will serve to effectuate the judgment and vindicate the Court's authority because it will determine whether the restitution judgment remains enforceable.

The Court concludes it has jurisdiction to consider the motion.

**B.      The Court Denies the Motion.**

Chan argues his obligation to pay restitution is governed by the Victim and Witness Protection Act ("VWPA"). Restitution is a lien in favor of the Government that arises at the time of the judgment and "continues for 20 years or until the liability is satisfied, remitted, set aside, or is terminated under" 18 U.S.C. 3163(b)." 18 U.S.C. § 3613(c). Under the VWPA, Section 3613(b) provided that a defendant's liability to pay restitution "expired either 20 years after the entry of judgment or upon the death of the defendant." *United States v. Blackwell*, 852 F.3d 1164, 1166 (9th Cir. 2017) (per curiam). Congress amended Section 3613(b) as part of the Mandatory Victims Restitution Act of 1996 ("MVRA"), which took effect on April 24, 1996. Under the MVRA, a defendant's liability to pay "restitution shall terminate the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the defendant." *Id.* (cleaned up). If the MVRA applies, Chan's obligation to pay restitution remains in effect.

The MVRA's "amendments … shall, to the extent constitutionally permissible, be effective for sentencing proceedings in cases in which the defendant *is convicted on or after the date of enactment of this Act*." *United States v. Baggett*, 125 F.3d 1319, 1322 (9th Cir. 1997) (quoting 18 U.S.C. § 2248 (statutory notes)) (emphasis added). The jury convicted Chan after the MVRA was enacted for conduct that took place before April 24, 1996. Chan argues that application of the MVRA violates the *Ex Post Facto* Clause to the United States Constitution.

---

[1]      Several courts have resolved similar motions without specifically addressing jurisdiction. *See, e.g., United States v. Rosello*, 737 Fed Appx. 907 (11th Cir. 2018) (per curiam); *United States v. McGuire*, 636 Fed. Appx. 445, 447 (10th Cir. 2016); *see also United States v. Ellingburg*, No. 22-cr-173 RK, Dkt. No. 19, Order Denying Pro Se Motion (W.D. Mo. May 4, 2023); *United States v. Baker*, No. 91-cr-20233-BLF-1, 2017 WL 2335264 (N.D. Cal. May 30, 2017).

3

United States District Court
Northern District of California

"To fall within the *ex post facto* prohibition, a law must be retrospective - that is it must apply to events occurring before its enactment - and it must disadvantage the offender affected by it, by altering the definition of criminal conduct or increasing the punishment for the crime." *Lynce v. Mathis*, 519 U.S. 433, 441 (1997) (cleaned up).  Chan was convicted for conduct occurring before April 24, 1996, so the MVRA would have retrospective effect.  *See Baggett*, 125 F.3d at 1322.

Chan urges the Court to follow the Third Circuit's decision in *United States v. Norwood*, in which the court held that applying the MVRA's version of Section 3613(b) violated the *Ex Post Facto* clause.  49 F.4th 189, 220 (3rd Cir. 2022).  That court reasoned applying the MVRA "would increase [the defendant's] punishment by subjecting him to additional decades of liability, supervision, and collateral consequences, even if he ultimately never paid a cent more than he would have under the VWPA.  This extension, like his increased financial obligations, is a retroactive increase in punishment that is forbidden by the *Ex Post Facto* Clause."  *Id.*

In contrast, in *Blackwell*, the defendant moved to set aside fines and restitution and argued his liability to pay them expired under the VWPA, and the district court denied his motion.  852 F.3d at 1166.  The Ninth Circuit affirmed and analogized Section 3613(b) to a statute of limitations.  The court first addressed retroactivity and reasoned the statute was procedural and could be applied retroactively.  *Id.* (noting that "when a statute is addressed to remedies or procedures and does not otherwise alter substantive rights, it will be applied to pending cases.").  The court also reasoned that the defendant "remained liable for the same amount of fines and restitution as he was prior to the enactment.  The MVRA merely increased the time period over which the government could collect those fines and restitution."  *Id.*

The court then addressed the defendant's argument that application of the MVRA violated the *Ex Post Facto* Clause and determined it was "without merit," citing, *inter alia*, *United States Gianelli*, 543 F.3d 1178, 1183 (9th Cir. 2008).  In *Gianelli*, the court rejected an *ex post facto* challenge to the government's effort to collect restitution, concluding that a change to an enforcement mechanism did not increase the defendant's punishment.  *Id.*; *see also Quarles v. Kane*, 482 F.3d 1154, 1155 (9th Cir. 2007) (change to California statute that increased rate at

which restitution payments could be made did not violate *Ex Post Facto* Clause and did not "impose additional punishment" because it did not increase amount of restitution owed).

Chan argues that the rationale of *Blackwell* has been undercut by *Ellingburg v. United States*, in which the Supreme Court held that "[r]estitution under the MVRA is plainly criminal punishment for purposes of the *Ex Post Facto* Clause." 607 U.S. 163, 166 (2026). The Court disagrees. First, the Supreme Court did not address whether amended Section 3613(b) would run afoul of the *Ex Post Facto* Clause. *See, e.g., Solis v. Merendino*, 2026 WL 412106, at *2 (7th Cir. Feb. 13, 2026). Second, the Ninth Circuit has recognized that "[r]estitution imposed as a component of the defendant's sentence is a criminal penalty, not a civil remedy." *United States v. Snider*, 957 F.2d 703, 706-07 (9th Cir. 1992).

Although analogizing Section 3613(b) to a statute of limitations may not be a perfect analogy, "laws extending an unexpired period" do not violate the *Ex Post Facto* Clause "because the defendant would still be liable when the law was enacted." *Solis*, 2026 WL 412106, at *2 (citing *Stogner v. California*, 539 U.S. 607, 613-14, 616-18 (2003)). In contrast, "laws extending an expired limitations period violate the" *Ex Post Facto* Clause because they punish a defendant when he could no longer have been held liable." *Id.* (citing *Stogner*, 539 U.S. at 613-14). In addition, the ruling in *Blackwell* is consistent with the ruling in *Baggett*.

In *Baggett*, the district court did not specify whether it ordered the defendants to pay restitution under the VWPA or under the Senior Citizens Against Marketing Scams Act of 1994 ("SCAMS Act"). 125 F.3d at 1321. The defendants raised an *ex post facto* challenge on appeal, because the MVRA also amended the VWPA to require defendants to pay full restitution without considering the defendant's financial circumstances. *See* 18 U.S.C. § 3664(f)(1)(A). The Ninth Circuit remanded to the district court with directions to specify which statute it had applied. It also stated that if the district court had relied on the MVRA, it would be required to use the VWPA on remand because the MVRA's requirement of imposing full restitution "had the potential to increase the amount of restitution [the defendants] would have to pay." *Baggett*, 125 F.3d at 1322. If, however, the district court-imposed restitution under the SCAMS Act, the MVRA would not have the effect of increasing the defendants' punishment. The court reasoned

United States District Court
Northern District of California

United States District Court
Northern District of California

the MVRA "merely changed the procedures under which the district court orders restitution by conforming SCAMS Act procedures with the amended VWPA's procedures." *Id.* at 1323.

The Court concludes it remains bound by *Blackwell*. *Cf. United States v. Traslavina*, No. 2:87-cr-00166-APG-LRL, 2026 WL 788956, at *1 (D. Nev. Mar. 20, 2026) (considering *Ellingburg* and holding *Blackwell* remained binding). That conclusion is reinforced by the fact that *Norwood* appears to be an outlier on this issue. *See, e.g., Solis*, 2026 WL 412106, at *2-3 (finding no *ex post facto* violation); *United States v. Weinlein*, 109 F.4th 91, 100-01 (2d Cir. 2024), cert. denied, -- U.S. --, 145 S. Ct. 1425 (2025) (same); *Rosello*, 737 F. App'x at 908-09 (same); *McGuire*, 636 F. App'x at 446-47 (same); *United States v. Phillips*, 303 F.3d 548, 551 (5th Cir. 2002) (same).

Accordingly, the Court DENIES Chan's motion.

**IT IS SO ORDERED**.

Dated: May 28, 2026

_____
JEFFREY S. WHITE
United States District Judge